IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 19-cv-01774-RBJ

COLORADO SKY INDUSTRIAL SUPPLY, LLC, a Colorado limited liability company,

      Plaintiff,

v.

EASY STREET SERVICES COMPANY, an Oregon corporation,
MEGHAN RODRIGUEZ,
JOHN DOE RODRIGUEZ, wife and husband, and the marital community composed thereof,
PAUL M. DONION,
JANE DOE DONION, husband and wife and the marital community composed thereof, and
J&J EMPIRE LLC,

      Defendants.

## ORDER

      This case is before the court on defendant Paul M. Donion's motion to dismiss, ECF No. 42, the crossclaim filed by defendants Easy Street Services Company ("Easy Street") and Meghan Rodriguez, ECF No. 14 at 13–15.  For the reasons set forth below, the motion to dismiss the crossclaim is granted.

## BACKGROUND

      In or around February 2016 plaintiff Colorado Sky Industrial Supply, L.L.C. ("Colorado Sky") sought to purchase 500 kilograms of "Oregon-produced, THC-free industrial hemp isolate" ("isolate") for re-sale to a prearranged buyer.  ECF No. 14 at 13.  Defendant Mr. Donion informed Colorado Sky that he had identified a reputable seller in Portland, Oregon that had 500

1

kilograms of isolate available for purchase and delivery before March 1, 2019. *Id.* Mr. Donion told Colorado Sky that he would hold $2,400,000 of Colorado Sky's funds in trust until the allegedly available isolate could be inspected by non-party Biovis Laboratory Solutions, L.L.C. ("Bio"), Colorado Sky's agent and partner. *Id.* Mr. Donion represented that he would release the Colorado Sky funds held in escrow only if Bio found the isolate to be acceptable. *Id.*

Relying on Mr. Donion's assertions, Colorado Sky transferred funds to an escrow account managed by Mr. Donion pursuant to the terms of an Escrow Agreement. *Id.* at 14. This agreement defined Mr. Donion as the "Escrow Agent," Colorado Sky as the "Buyer," and Bio as "Bio." *Id.* The agreement was executed by Anthony Zingarelli on behalf of Colorado Sky, John Bayliss on behalf of Bio, and Mr. Donion on his own behalf. *Id.*

On February 26, 2019 Mr. Donion transferred $1,600,000 of the funds held in escrow to Easy Street. *Id.* He represented—apparently at least to Easy Street, though the crossclaim does not expressly clarify—that the transferred funds were related to an invoice and purchase order issued by Cigar Land on February 26, 2019 for the purchase of isolate from Easy Street. *Id.* Relying on Mr. Donion's representation, Easy Street began preparing a product order for Cigar Land. *Id.* In March 2019 Easy Street discovered that the funds that Mr. Donion had transferred were from Colorado Sky's escrow account, not from Cigar Land. *Id.*

On June 19, 2019 Colorado Sky filed a complaint in this Court alleging fraud, conversion, civil conspiracy, and a violation of the Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-101, *et seq.*, against Easy Street, Easy Street President Ms. Rodriguez, and Mr. Donion. ECF No. 1 ¶¶ 65–87. The complaint also alleged breach of contract and breach of fiduciary duty against Mr. Donion. *Id.* ¶¶ 88–96. On July 26, 2019 Easy Street and Ms.

2

Rodriguez ("crossclaimants") responded and filed a crossclaim for fraud against Mr. Donion. ECF No. 14 at 13–15. On September 16, 2019 Colorado Sky filed an amended complaint alleging the same six claims. ECF No. 39.

Mr. Donion filed this motion to dismiss the crossclaim on November 8, 2019. ECF No. 42. Crossclaimants responded in November 2019, ECF No. 44, and Mr. Donion replied on December 13, 2019, ECF No. 47. This motion is ripe for review.

## STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plausible claim is one that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts must accept well-pled allegations as true, purely conclusory statements are not entitled to this presumption. *Id.* at 678, 681. Therefore, so long as the plaintiff pleads sufficient factual allegations such that the right to relief crosses "the line from conceivable to plausible," she has met the threshold pleading standard. *Twombly*, 550 U.S. at 556, 570.

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (quoting *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991)). The court generally will not consider exhibits that have not been submitted by the plaintiff. However, if "the document is referred to in the complaint and is central to the

plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

## ANALYSIS

To state a claim for fraud under Colorado law, a plaintiff must establish five elements: "(1) that the defendant made a false representation of material fact; (2) that the one making the representation knew that it was false; (3) that the person to whom the representation was made was ignorant of the falsity; (4) that the representation was made with the intention that it be acted upon; and (5) that the reliance resulted in damage to the plaintiff." *See Vinton v. Virzi*, 269 P.3d 1242, 1247 (Colo. 2012). In addition, Fed. R. Civ. P. 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." This rule requires the plaintiff "to allege 'the who, what, when, where, and how of the alleged fraud'—in other words, 'the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'" *Tara Woods Ltd. P'ship v. Fannie Mae*, 731 F. Supp. 2d 1103, 1114 (D. Colo. 2010) (quoting *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 726–27 (10th Cir. 2006)).

Mr. Donion alleges that crossclaimants' fraud claim should be dismissed because (1) they have failed to state a claim for fraud under Colorado law under Fed. R. Civ. P. 12(b)(6) and (2) they have not pled their claim with sufficient particularity under Fed. R. Civ. P. 9(b). ECF No. 42 at 4, 7–8.

Mr. Donion argues that crossclaimants have failed to establish the requisite elements of a claim for fraud under Colorado law. ECF No. 42 at 4. Specifically, he contends that they have

failed to (1) allege that he made a false representation of material fact, (2) establish that they were ignorant of the falsity of such a representation, and (3) establish damages caused by reasonable reliance on such a representation. *Id.*

### A. False Representation of Material Fact

Under Colorado law, "[a] 'false representation' is defined as any words or conduct that creates an untrue or misleading impression of the actual past or present fact in the mind of another." *Rocky Mountain Expl., Inc. v. Davis Graham & Stubbs, LLP*, 420 P.3d 223, 234 (Colo. 2018). Regardless of "[w]hether circumstances, conduct, or words are the means allegedly used to deceive, . . . the means used must be of a 'definite and specific character' because a party has no right to rely on circumstances, conduct, or words that are equivocal, such that 'they comport equally with innocence and good faith as with bad motivation.'" *Id.* (quoting *H.B. Bolas Enter., Inc. v. Zarlengo*, 400 P.2d 447, 450 (Colo. 1965)). "A fact is material if a reasonable person under the circumstances would attach importance to it in determining his or her course of action." *Id.* at 234. Further, at least one District of Colorado court has held, in an unpublished opinion citing nonbinding law, that "a fraud claim under Colorado law may [not] be premised on alleged misrepresentations or action directed at third parties." *Bath v. American Express Co.*, No. 19-cv-00606-RM-NYW, 2019 WL 2607020, at *13 (D. Colo. May 31, 2019) (unpublished) (citing *Atkins v. Heavy Petroleum Partners, LLC*, 86 F. Supp. 3d 1188, 1202 (D. Kan. 2015), *aff'd*, 635 F. App'x 483 (10th Cir. 2015)).

Mr. Donion argues that crossclaimants fail to allege that he made a false representation of material fact because (1) their crossclaim does not identify any specific misrepresentations, and

alternatively (2) the crossclaim identifies only an alleged misrepresentation made to Colorado Sky, a third party, and therefore must be dismissed.  ECF No. 42 at 4.

In response, crossclaimants first argue that the transfer itself was a "material, false misrepresentation" made to Easy Street and Ms. Rodriguez because a false representation can encompass "any oral or written words, conduct, or a combination of words or conduct," and because "the recipient of the funds [could] reasonably expect that the funds [were] part of a res that the recipients [were] actually entitled to."  ECF No. 44 at 4, 7 (citing *Meredith v. Ramsdell*, 384 P.2d 941 (Colo. 1963), *Corder v. Laws*, 366 P.2d 369 (Colo. 1961)).  Crossclaimants cite two Colorado Supreme Court cases to support their assertion that a false representation may consist of words, conduct, or a combination of both.  ECF No. 44 at 4.  In *Meredith v. Ramsdell*, 384 P.2d 941, 943 (Colo. 1963), the court found fraud when a vendor's agent signed a contract purporting to sell an oil well lease that he knew the vendor did not yet own.  The court explained that "[o]wnership in the context of this case was a relevant fact," and "a person who misleads another by word or act to believe that a fact exists, when he knows it does not, is guilty of fraud." *Id*.  Similarly, in *Corder v. Laws*, 366 P.2d 369, 371 (Colo. 1961), the court found fraud when a landlord presented a written lease to a property buyer as evidence of the property's rental income without explaining that the terms of the written lease differed from the "private understanding" the landlord had with the lessee.  Thus both *Meredith* and *Corder* involve conduct that was found to be misrepresentative with regard to a specific fact when considered in context.  In *Meredith* the agent misrepresented through his conduct that the vendor owned the land.  In *Corder* the landlord misrepresented through his conduct the true rental income of the property.

Similarly here, I find that crossclaimants have sufficiently, though just barely, alleged that Mr. Donion made a false representation of material fact through some combination of words and conduct. The crossclaim alleges that Mr. Donion used "misstatements and omissions" to represent that Cigar Land, not Colorado Sky, was the source of the funds transferred to Easy Street. ECF No. 14 at 14 ¶ 15. It further states that Mr. Donion transferred the funds to Easy Street "purportedly pursuant to an invoice and purchase Order issued by Cigar Land, dated February 26, 2019" and that "Donion represented that the funds transferred to Easy Street were for the purchase of product by Cigar Land." *Id.* at 14 ¶¶ 7–10. These statements contextualize the allegedly fraudulent transfer. They indicate that Mr. Donion did more than merely transfer the funds to crossclaimants' account, an act that on its own could "comport equally with innocence and good faith as with bad motivation." *H.B. Bolas Enter., Inc.*, 400 P.2d at 450. Taken as true, these allegations suggest that instead Mr. Donion actively made statements and used the February 26, 2019 purchase order to misrepresent to the crossclaimants that the transferred funds were from Cigar Land when in actuality they were from Colorado Sky.

Second, Mr. Donion's argument that crossclaimants' only alleged misrepresentation, if any, was made to Colorado Sky is belied by the crossclaim's assertions that "Easy Street, *relying on the representation of Donion*, began preparing product to be sold to Cigar Land" and "*Donion intended that Easy Street and MR depend* on his misstatements and omissions." ECF No. 14 at 14–15 ¶¶ 10, 15 (emphasis added). Although crossclaimants could have been more explicit in their allegations, a reasonable reading of these claims is that Mr. Donion, not Colorado Sky, made the alleged misrepresentation to crossclaimants.

7

Third, Mr. Donion also proffers "a Purchase Order *issued by Easy Street* dated February 25, 2019 for $1.6 million [that] identifies Bio (not Cigar Land) as the recipient of the product," a document that he offers as Exhibit D. ECF No. 42 at 6 (emphasis in original). Yet the crossclaim does not incorporate, attach, or even reference this document. And in contrast to the sale and purchase agreement provided as Exhibit 2, nor does the complaint attach this document. As such, I cannot consider the purchase order in considering the plausibility of crossclaimant's claim for fraud. *See GFF Corp.*, 130 F.3d at 1384.

I thus consider the issue of crossclaimants' knowledge based solely on the allegations provided in the crossclaim. The crossclaim states that in March 2019 crossclaimants "found out that the funds forwarded to Easy Street by Donion were not from Cigar Land, but rather from Colorado Sky." ECF No. 14 at 14 ¶ 11. The implication of this statement is that prior to March 2019 crossclaimants were ignorant of the falsity of Mr. Donion's representation as to the source of the funds. Crossclaimants elaborate further in their response, stating that that they could not reasonably have known about the true source of the funds because "none of the relevant information for the transaction was publicly accessible, posted in inconspicuous locations, or even reasonably accessible in the instant case." ECF No. 42 at 6. As crossclaimants have alleged that they did not know of Mr. Donion's misrepresentation until March 2019, I find that they have met their burden of pleading that they were ignorant of the falsity of the misrepresentation.

### C.   Reliance Resulting in Damages

The Colorado Supreme Court has broken the fifth element of a fraud claim into "three discrete sub-parts, requiring the plaintiff to prove separately actual reliance, the reasonableness

9

of that reliance, and that the plaintiff's reliance caused its damages." *Bristol Bay Prod., LLC v. Lampack*, 312 P.3d 1155, 1160 (Colo. 2013).  "A party's reliance on a purported misrepresentation is not justified when the party is aware of or on inquiry notice of the falsity of the representation." *Rocky Mountain Expl., Inc.*, 420 P.3d at 234 (Colo. 2018).  Regardless of whether a party's reliance is reasonable, however, "fraud . . . is not actionable where no damage is shown." *Slide Mines v. Denver Equip. Co.*, 148 P.2d 1009, 1011 (Colo. 1944).  Though a plaintiff need not establish damages with complete certainty, "an award of damages cannot be based on mere speculation or conjecture." *W. Cities Broad., Inc. v. Schueller*, 849 P.2d 44, 48 (Colo. 1993) (quoting *Tull v. Gundersons, Inc.*, 709 P.2d 940, 943 (Colo. 1985)).

Here, crossclaimants have failed to allege that their reliance on Mr. Donion's misrepresentation resulted in damage.  The sole mention of damage in the crossclaim reads only: "As a proximate result of Donion's intentional misrepresentations and omissions, on which Easy Street reasonably relied, Easy Street suffered damages in an amount to be determined at trial plus exemplary damages pursuant to C.R.S. § 13-21-102 on account of Defendants' fraudulent, willful and wanton conduct."  ECF No. 14 at 15 ¶ 17.  Crossclaimants' response provides little additional detail: "As a result of this misrepresentation, Easy Street and Rodriguez have received $1.6 million from an allegedly incorrect source, and thus, was brought into this actions [sic] specifically as a result of [Mr. Donion's] misrepresentation and concealment."  ECF No. 44 at 7.

Crossclaimants' assertion in their response that they were sued by Colorado Sky as a result of the allegedly fraudulent transfer made by Mr. Donion is not a sufficiently specific or persuasive assertion of damages to remedy the pleading deficiencies in their crossclaim.  *See W. Cities Broad., Inc.*, 849 P.2d at 48 ("[A] plaintiff will not be barred from recovery for failing to

10

prove the amount of loss with mathematical certainty, but the 'rule of certainty' requires a reasonable degree of persuasiveness in the proof of the fact of damages or injury.") (citing *Pomeranz v. McDonald's Corp.*, 843 P.2d 1378, (Colo. 1993)).  I find that by failing to allege any damage, crossclaimants cannot establish the fifth requisite element of a claim for fraud.

Accordingly, crossclaimants have failed to state an actionable claim for fraud under Colorado law.

## ORDER

Defendant Donion's motion to dismiss defendants Easy Street and Rodriguez' crossclaim [ECF No. 42] is GRANTED.  The crossclaim is dismissed without prejudice.

DATED this 6th day of August, 2020.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge

11